UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PENNY M. NEWMAN,

      Plaintiff,

v.                                      Case No:  6:14-cv-692-Orl-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Penny M. Newman, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for a period of disability, Disability Insurance Benefits ("DIB"), and Supplement Security Income ("SSI").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed a Joint Memorandum setting forth their respective positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B.  Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case.  42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled.  20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C.  Procedural History

On June 3, 2011, Plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability commencing on May 4, 2002.  (Tr. 200-01, 218-20, 222).  Plaintiff's applications were denied initially on September 21, 2011, and upon reconsideration on February 2, 2012.  (Tr. 131-41, 144-53).  A video hearing was held before Administrative Law Judge Stephen C. Calvarese (the "ALJ") on October 11, 2012.  (Tr. 34-64).  Plaintiff's counsel appeared at the video hearing site and Plaintiff testified by telephone from her attorney's office as she had been banned from entering all Social Security Administration Offices due to death threats she made against the consultative examiners and all Social Security employees if her claim was denied. (Tr. 18).  The ALJ issued an unfavorable decision on October 24, 2012.  (Tr. 18-28).  On February 26, 2014, the Appeals Council denied Plaintiff's request for review.  (Tr. 1).  Plaintiff initiated this action by filing a Complaint (Doc. 1) in the United States District Court Middle District of Florida on May 2, 2014.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 4, 2002, the alleged onset date.  (Tr. 20).  At step two, the ALJ found that Plaintiff has two severe impairments: systemic lupus erythematosus and a personality disorder.  (Tr. 20).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in "20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 21).

Before proceeding to step 4, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with limitations. The claimant can sit for 6 hours, stand for 6 hours, and walk for 6 hours in an 8-hour workday with normal breaks. The claimant can frequently climb ramps and stairs, but only occasionally climb ladders, ropes, and scaffolds. The claimant can perform activities involving stooping, crouching, and crawling only frequently. The claimant should not reach overhead more than frequently. The claimant must avoid concentrated exposure to extreme cold, heat, humidity, fumes, odors, dust, gases, vibrations, and poor ventilation. The claimant must avoid concentrated exposure to hazards, such as dangerous machinery and protected heights. The claimant has "moderate restriction" in her ability to deal with the general public. "Moderate" in this and the following mental functioning context means having "occasional" problems, which occur from very little to as much as 1/3 of the time, and on average occurs 15% of the time. The claimant has moderate limitation in her ability to accept instruction and respond appropriately to criticism, and moderate limitation in her ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes. The claimant can understand, remember, and carry out simple, basic tasks and maintain concentration and attention for routine, uncomplicated tasks for 2-hour periods during an 8-hour workday. The claimant can complete a normal workweek without excessive interruptions from psychologically based symptoms, can relate to supervisors and coworkers for goal directed simple tasks, and can adapt to simple changes and avoid work hazards.

(Tr. 22-23). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a housekeeper, as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 27). The ALJ concluded that Plaintiff has not been under a disability from May 4, 2002, through the date of the decision. (Tr. 27).

## II.     Analysis

The parties' Joint Memorandum presents two issues:  (1) whether the ALJ erred by failing to properly evaluated Listing 14.02A at step three of the sequential evaluation process, and (2) whether the ALJ applied correct legal standards at step four of the sequential evaluation process when he found that Plaintiff could perform her past work.  The Court addresses each issue in turn.

### a)  Whether the ALJ erred by failing to properly evaluated Listing 14.02A at step three of the sequential evaluation process.

Listing 14.02A is set forth in 20 C.F.R., Pt. 404, Subpt. P, App. 1 as follows:

> 14.02 Systemic lupus erythematosus.  As described in 14.00D1. With:
>
> A. Involvement of two or more organs/body systems, with:
>
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
>
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

Plaintiff argues that the ALJ failed to properly evaluate Listing 14.02A at step three of the sequential evaluation process, as the medical evidence of record documents that Plaintiff meets the requirements of Listing 14.02A.  (Doc. 15 p. 16-23).  Specifically, Plaintiff contends that she meets Listing 14.02A(1) because her skin is severely impacted by her lupus and she has mental issues.  (Doc. 15 p. 18).  Plaintiff contends that she meets 14.02A(2) because she suffers from malaise and involuntary weight loss.  (Doc. 15 p. 18).  Plaintiff argues that the ALJ completely ignored substantial evidence of record showing that Plaintiff meets Listing 14.02A and failed to explain what evidence showed that Plaintiff did not meet Listing 14.02A.  (Doc. 15 p. 23).

Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff did not meet Listing 14.02A.  (Doc. 15 p. 24).  Defendant argues that Plaintiff offers no medical evidence showing that her mental issues are caused by her lupus, noting that evidence in the record noted

Plaintiff was an alcoholic and that a majority of her issues centered on her alcohol dependence. (Doc. 15 p. 25).   In addition, Defendant argues that Plaintiff has failed to show two of the constitutional signs or symptoms include severe fatigue, fever, malaise or involuntary weight loss. (Doc. 15 p. 25).   Defendant acknowledges that the medical record shows that Plaintiff lost weight during the relevant period, but argues that Plaintiff failed to identify any specific diagnosis or notation for malaise.   (Doc. 15 p. 25).   Defendant argues that Plaintiff failed to show that her weight loss, abdominal pain, headaches and occasional arthalgias in her arms and legs were caused by lupus.  (Doc. 15 p. 25).  Finally, Defendant argues that Plaintiff failed to show that the ALJ did not sufficiently articulate his step three finding.

In his opinion, the ALJ addressed whether Plaintiff met Listing 14.02A as follows:

> The undersigned additionally finds that the claimant does not meet the listing criteria for 14.02, which addresses systemic lupus erythematosus. In this regard, the evidence does not show that the claimant's condition involves two or more organs or body systems, with one organ or body system affected to at least a moderate level of severity and at least two constitutional symptoms or signs being present, as required in paragraph A, or that the claimant's condition produces at least two of the constitutional symptoms or signs and marked impairment in either activities of daily living, social functioning, or limitation in timely completion of tasks due to deficiencies in concentration, persistence, or pace, as required in paragraph B.

(Tr. 22).  Later in his opinion, the ALJ discussed the medical evidence pertaining to Plaintiff's systemic lupus erythematosus as follows:

> The claimant alleges that she is unable to work as a result of her systemic lupus erythematosus and personality disorder.  However, her treatment records do not contain findings suggesting that these conditions impose limitations that would preclude her from performing all basic work activities or that are otherwise disabling.  With respect to the claimant's lupus, hospital records from April 2008 show the claimant being seen with a skin rash on her face and sores on her right hand (Exhibit 3F). Additionally, treatment records show the claimant being seen at Halifax Medical Center in June 2012.  It was noted that she had significant skin abnormalities, with hypo and hyperpigmentation around her face and

neck, and a linear popular rash on her upper extremities and neck area. Assessments included breast lump, alcoholism, scabies, homeless, systemic lupus erythematosus, continued alcohol dependence, seizure disorder, and pruritic rash. Elimite cream was prescribed. It was indicated that she had multiple medical problems and was a heavy drinker, with most of her issues centering around her dependence (Exhibit 9F). Apart from these entries, the claimant's medical records are largely silent as to her lupus. The main manifestation of her lupus appears to be disfigurement of her head and upper torso, but the records do not suggest that this condition causes physical or mental limitations that would preclude the claimant from being able to perform basic work activities. The undersigned recognizes that while this condition may make the claimant more self-conscious and may make it more difficult to find and sustain employment, nevertheless the condition does not prevent the claimant from actually being able to perform work activities, and no medical professional has suggested that this is the case.

(Tr. 24).

The claimant has the burden of proving that his or her impairments meet or equal a listed impairment and must present specific evidence of medical signs, symptoms, or laboratory test results meeting all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530.

Here, the Court finds that the ALJ did not err in finding that Plaintiff does not meet Listing 14.02A, as Plaintiff failed to carry her burden of establishing that her systemic lupus erythematosus involved two or more organ or body systems, and produced at least two of the constitutional symptoms or signs. In his opinion, the ALJ noted that Plaintiff's main manifestation of lupus was significant skin abnormalities, with hypo and hyperpigmentation around her face and neck, and a linear popular rash on her upper extremities and neck area. (Tr. 24). The ALJ noted, however, that apart from the medical evidence discussing Plaintiff's lupus on her skin, her medical records

are largely silent as to her lupus. (Tr. 24). In order to meet the listing for systemic lupus erythematosus, Plaintiff must show the "[i]nvolvement of **two** or more organs/body systems . . ." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 14.02A(1). Plaintiff contends that the second organ/body system affected by her lupus are her mental issues. While "mental" is listed as a major organ or body system, Plaintiff has failed to offer any medical evidence showing that her mental issues are caused by her lupus. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 14.00D.1 (listing "mental (anxiety, fluctuating cognition ("lupus fog"), mood disorders, organic brain syndrome, psychosis)" as a major organ or body system). As Defendant notes, none of Plaintiff's examining or treating sources specifically attributed any of Plaintiff's mental issues to her lupus. (Tr. 367, 376, 382). To meet a Listing, a claimant must provide medical reports documenting that the condition meets the specific criteria of the Listing and the duration requirement. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). Plaintiff has failed to carry her burden of establishing that her condition meets the specific criteria of Listing 14.02A(1).

Likewise, Plaintiff has failed to carry her burden of establishing that two of the constitutional systems or signs set forth in Listing 14.02A(2) accompanied her lupus. The constitutional signs or symptoms include severe fatigue, fever, malaise, or involuntary weight loss. 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 14.02A(2). Plaintiff argues the record shows both malaise and involuntary weight loss. (Doc. 15 p. 18). While Plaintiff's medical record does show that Plaintiff lost weight during the relevant period (Tr. 324, 363, 380), there is no specific diagnosis or notation of malaise. Plaintiff's states that her symptoms of abdominal pain, headaches, and occasional arthralgias in her arms and legs show that she "clearly suffers from malaise." (Doc. 15 p. 21). Plaintiff fails, however, to provide any authority establishing that these specific symptoms

are equivalent to malaise.  Again, the burden is on Plaintiff to establish that she meets the Listing. Plaintiff has failed to do so.

Finally, the Court is unpersuaded by the Plaintiff's argument that the ALJ erred by failing to adequately articulate his reasoning for finding that Plaintiff did not meet Listing 14.02A. "Although the ALJ must consider the Listings, there is no requirement that the ALJ mechanically recite the evidence leading to his ultimate determination." *Gray ex rel Whymss v. Cmm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (citing *Hutchinson v. Brown*, 787 F.2d 1461, 1463 (11th Cir. 1986)).  Here, the ALJ's opinion specifically addressed whether Plaintiff met Listing 14.02A.  The ALJ was not required to recite the evidence leading him to his conclusion at step three.

For the reasons stated above, the Court finds that the ALJ properly evaluated Listing 14.02A at step three of the sequential evaluation process.  The Court will affirm the decision of the ALJ as to this issue.

**b) Whether the ALJ applied correct legal standards at step four of the sequential evaluation process when he found that Plaintiff could perform her past work.**

Plaintiff argues that the ALJ erred by finding that Plaintiff had past relevant work as a housekeeper, as her earning records during the relevant period show that even her most lucrative work did not exceed the threshold level to be presumed substantial gainful activity.  (Doc. 15 p. 28).  Specifically, Plaintiff notes that her highest earnings were in 2001 when she made $5,700.50, which is a monthly rate of $475.04.  (Doc. 15 p. 28).  Plaintiff argues that because this monthly rate is below the threshold substantial gainful amount of $740 for 2001, her work as a housekeeper cannot constitute past relevant work.  (Doc. 15 p. 28).

In response, Defendant argues that the ALJ properly found that Plaintiff's work as a housekeep was past relevant work and, therefore, substantial gainful activity.  (Doc. 15 p. 29-30).

- 10 -

Defendant contends that substantial evidence supports the ALJ's finding that the housekeeping job was past relevant work, such as the number of years Plaintiff worked as a housekeeper, Plaintiff's report that her income was in the $860 per month range, and Plaintiff's counsel's lack of objection to the vocational expert's work history summary.  (Doc. 15 p. 32).

It is the claimant's burden to prove that she is unable to perform her previous work. *Barnes v. Sullivan*, 932 F.3d 1356, 1359 (11th Cir. 1991) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986)).  "Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1).  To constitute "substantial gainful activity," the work activity must be both substantial and gainful. 20 C.F.R. § 404.1572.  Work activity is "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a).  Work activity is "gainful" if a claimant performs the activity for pay or profit.  20 C.F.R. § 404.1572(b).

In this case, Plaintiff has not challenged that her work as a housekeeper involved significant physical or mental activities or that it was performed for pay or profit.  Instead, Plaintiff's argument is solely premised on the fact that her monthly earnings were below the dollar threshold level for a presumption of substantial gainful activity.  Earnings above a certain dollar threshold level create a presumption of substantial gainful activity, but this presumption is rebuttable. *Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991).  Generally, if a claimant has worked for substantial earnings, then it will be found that the claimant is able to do substantial gainful activity. 20 C.F.R §§ 404.1574(a)(1), 416.974(a)(1).  The regulations set the threshold amount for earnings to constitute substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2).  If the claimant's earnings are less than the amount necessary to establish a presumption of substantial gainful activity, the

Commissioner "will generally consider . . . that [the claimant has] not engaged in substantial gainful activity." 20 C.F.R. §§ 404.1574(b)(3)(i) and 416.974(b)(3)(i).  Although earnings below the threshold amount ordinarily show that an employee has not engaged in substantial gainful activity, the fact that earnings are below the guidelines is not dispositive. *Cook v. Astrue*, 2012 WL 4356261, at *4 (M.D. Fla. 2012) (citing *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir. 1993)).

Here, the Court finds that the ALJ did not err in determining that Plaintiff had past relevant work as a housekeeper and that she could return to such work.  (Tr. 27).  While Plaintiff is correct that her earnings as a housekeeper did not exceed the threshold amount to constitute substantial gainful activity, this fact is not dispositive in this case.  The Commissioner only averages earnings over a period of work if the claimant's work as an employee is continuous without significant change.  20 C.F.R. § 404.1574a(a) ("If your work as an employee or as a self-employed person was continuous without significant change in work patterns or earnings, and there has been no change in the substantial gainful activity earnings levels, we will average your earnings over the entire period of work requiring evaluation to determine if you have done substantial gainful activity.")  Plaintiff's earning statement shows that her earnings in 2001 came from eight sources demonstrating she had significant changes in her work pattern through 2001.  For example, while Plaintiff made $1,265.15 from the Ocean East Resort Club Association in 2001, she only made $41.20 from All Service Enterprises, Inc.  (Tr. 209-10).  Given Plaintiff's work pattern in 2001, an averaging of her wages over the year would be an improper way to calculate whether Plaintiff's work as a housekeeper met the threshold level for substantial gainful activity.

Plaintiff reported that she worked as a housekeeper for a ten year period between 1990 and 2000.  (Tr. 208).  Plaintiff self-reported that she worked forty hours per week at a pay rate of $5.40 per hour.  (Tr. 208).  This rate of pay constitutes a weekly income of $216 and a monthly income

of $864, thus exceeding the $740 per month threshold amount for 2001.  As stated above, it is the claimant's burden to prove that she is unable to perform her previous work. *Barnes*, 932 F.3d at 1359.  Plaintiff has failed to carry her burden of showing that she is unable to perform her previous work as a housekeeper.  Accordingly, the Court will not disturb the ALJ's opinion on appeal.

### III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the court finds that the decision of the ALJ is consistent with the requirements of law and supported by substantial evidence. The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties